## WILLIAM ATKINSON v. A. D. SINNOTT.

1. DEED.  *Cancellation.  Fraud.  Relief when denied.*
    A grantor cannot have cancellation for the alleged fraud of his vendee in
    putting in form of an absolute deed that which was intended as an execu-
    tory contract to convey, when otherwise the instrument fully embodies
    the terms of the agreement, and the vendee has complied with his part
    of the contract. Especially is this true where, by consent, the defendant
    has entered upon the land and made improvements.

2. SAME.  *Construction.  Surroundings of parties.  Intention.*
    While the intention of the parties to a deed is to be derived from the lan-
    guage of the instrument, the surroundings of the parties at the time of
    executing it may be considered, not to contradict but to interpret the
    language they have employed.

3. SAME.  *Technical and primary sense of words.  Contract.*
    The whole of a written instrument will be looked to in construing it.
    Though words are used in a particular part of a conveyance which,
    according to well-settled technical significance, imply a present grant,
    yet, if a consideration of the context shows that a different construction
    should be placed upon such words to meet the meaning in which they
    were employed, this will be done.

4. SAME.  *Construction.  Effect of words.  Specific performance.*
    Sinnott and wife executed a deed conveying to Atkinson a tract of land, in
    consideration of $1000, to be paid within ten days, for which he executed
    his note. The deed, after conveying the land for said consideration, con-
    cluded substantially as follows: "Excepting our residence lot (about
    three acres) enclosed by a wooden fence, the boundaries to be designated
    by iron posts. And we hereby sell, convey, and warrant to him the said
    residence lot upon payment by him to us or our administrators the sum
    of $500." Grantors retained possession of the three acres (about the
    middle of the tract) and pointed out the boundaries, the land being sur-
    veyed. Atkinson went into possession of the land, other than the three
    acres, greatly improved it and tendered the $1000, purchase-money,
    which was afterwards paid into court. On a bill to enforce a lien on the
    whole land for $1500, *Held*, that there was no conveyance of the three
    acres, and no obligation on Atkinson to buy it, but only a privilege given
    him to become the owner upon payment of $500 additional.

FROM the chancery court of Pike county.

HON. LAUCH McLAURIN, Chancellor.

The lot mentioned in the pleadings upon which is situated the

residence of Sinnott and wife, containing about three acres, which was excepted in the conveyance to Atkinson, is situated about the middle of the tract so conveyed, and is entirely surrounded by it. The court below refused to cancel the instrument, and entered a decree in favor of Mrs. Sinnott, enforcing a lien for $1500 and interest. The defendant, Atkinson, conceded the right of complainant to a decree for $1000, the purchase-money of the land mentioned in the deed other than the residence lot, and paid that sum into court. From the decree fixing a lien on the whole of the land for the $1500 and interest, he prosecuted this appeal. Thereupon, as he appealed, the complainant, Mrs. Sinnott, (her husband having died) prosecuted a cross-appeal, assigning for error the action of the court in refusing to cancel the deed to Atkinson.

The other facts necessary to an understanding of the case are stated in the opinion of the court.

*W. P. Cassedy*, for appellant, Atkinson.

The theory upon which the bill in this case was filed, was that the deed was obtained by fraud. That is now practically abandoned, and the sole questions are, (1) whether the deed expresses the contract between the parties; (2) whether it conveys the whole of the land for $1500. The sworn answer meets the allegations of the bill as to the fraud in obtaining the deed, and on this issue the testimony is clearly with the defendant. Atkinson, without objection, was admitted into possession, and Mrs. Sinnott was present and assisted in giving directions when the iron posts were placed, marking the boundary of the residence lot. The evidence shows her to be a shrewd, intelligent person, not likely to be imposed upon. It is a mere assumption of counsel that the deed does not express the intention of the parties. Nothing was misunderstood by either. Not until after Atkinson had erected costly improvements on the land is complaint made.

2. If the object had been to convey all the land, there would have been no need of an exception, and no need of iron posts. The true construction of the instrument is that Atkinson bought

all the land except the residence lot, and he was given an option to purchase this "upon" payment of $500.

It is a general rule of construction that effect must be given to every part of the contract, if possible, and the intention of the parties is to be gathered from the entire instrument. *Goosey* v. *Goosey*, 48 Miss. 210.

*S. E. Packwood*, on the same side.

1. By a proper construction of the deed, Atkinson secured title to all the land, exclusive of the residence lot, for $1000, with the privilege of purchasing the latter for $500. The deed itself, as well as the testimony, shows clearly that it was not the intention of the parties to convey the residence, and Atkinson never obligated himself to buy it. The deed conveys absolutely the other land, and he gave his note only for $1000. Why all this circumlocution if he was to buy the whole place for $1500? The deed should be construed to effectuate the intention of all the parties. *Melick* v. *Pidcock* (N. J.), 6 Am. St. R. 901 ; *Kelley* v. *Calhoun*, 95 U. S. 710 ; *Roe* v. *Tenmarr*, Willes. 682.

When the words are doubtful, the circumstances attending the execution of the instrument may be considered. The strongest words in the present tense will not pass a legal estate if other parts of the instrument show that such was not the intention of the parties. *Phillips* v. *Swank* (Pa.), 6 Am. St. R. 692 ; 3 Washb. on Real Prop., page 330, § 21.

Where words are doubtful, they shall receive that construction which will carry out the obvious purpose and intention of the instrument as a whole.

2. It is not true that the instrument failed to carry out the intention of the parties. It is clearly shown that the object was to sell all the land except the homestead for $1000, and the language of the deed effectuates this.

3. The testimony is wholly insufficient to show any fraud or imposition. The parties acted intelligently in the negotiation, and Atkinson was admitted into possession and allowed to make valuable improvements without complaint. He tendered the $1000

when due, and has kept the tender good.    We ask a decree here in his favor as to the land purchased by him, and that complainant's bill be dismissed, with costs.

*R. H. Thompson*, for appellee, Mrs. Sinnott.

1. The testimony sustains the allegation of the bill on the question of fraud and imposition.    But the deed, as written, falls so far short of expressing the intention of either of the parties, even as claimed by Atkinson, that it should be annulled.    The excepted lot is entirely surrounded by the land conveyed to Atkinson, and no right of way over the latter is reserved.    Clearly the parties did not intend this result.    Then, again, the words in the last clause of the deed operate plainly as a present conveyance of the residence lot, and this was never intended.    The minds of the contracting parties failed to meet.    There was no *aggregatio mentium*.

2. The court, and not the pleader, is to construe the deed.    If this instrument is not cancelled, it should be enforced as a *whole*, and not in part merely.    This view was taken by the court below, and appellee would not be displeased if the decree should be affirmed.    The claim that Atkinson was entitled to buy the residence or not at his pleasure, hangs on too slender a thread.

COOPER, J., delivered the opinion of the court.

Mrs. Sinnott exhibited the bill in this cause against Atkinson to cancel a deed she had made to him, as obtained by fraud, or, if upon hearing, this relief should be denied, she prayed specific performance of its terms against him.    The instrument giving rise to the controversy is here set out, and is followed by the only paper signed by Atkinson.    The deed is as follows :—

"*N. Sinnott and wife, deed to Wm. Atkinson.*

"STATE OF LOUISIANA,
        "PARISH OF ORLEANS.

"For and in consideration of the sum of one thousand dollars, to be paid to us within ten days from the date hereof as per agreement entered into with William Atkinson, of Magnolia, Miss., we

hereby sell, convey and warrant to the said William Atkinson, his heirs, assigns, all that portion of land lying in the town of Magnolia, county of Pike, state of Mississippi, known as the Sinnott Place, the same being the only and all the land owned by us in said county and state, excepting only that portion of land lying near the track of the Illinois Railroad and the creek known as the Minnehaha creek, upon which our residence is built (the boundaries are to be indicated by iron posts set up at the corners thereof), and now enclosed by a wooden fence. And we hereby sell, convey, and warrant to the said William Atkinson, his heirs or assigns, the above-described reservation of home and lot of ground, upon the payment by him to us or our administrators of the sum of five hundred dollars. Witness our hands this 19th day of August, A. D. 1887.

N. SINNOTT. .<br>ARABELLA D. SINNOTT."

This instrument was properly acknowledged as a deed by the grantors before a notary public in the city of New Orleans on the day of its date. On the same day Atkinson, by his agent, delivered to Mrs. Sinnott a written promise to pay money, in the following form, as claimed by Mrs. Sinnot, but Atkinson asserts that the words "*to be*," which are italicized, were inserted therein by complainant after its delivery by him :—

"NEW ORLEANS, August 19th, 1887.

I hereby agree to pay to Nicholas Sinnott and A. D. Sinnott the sum of one thousand dollars ($1000) within ten days from date, or upon approval by my attorney of a certain deed *to be* made to me by said parties to a certain tract of land in Pike county, Mississippi, known as the Sinnott Place.

WM. ATKINSON,

Attest J. H. LEVY.                Per R. M. MCDONALD."

Complainant seeks to avoid the conveyance made by herself and husband on the ground that it was obtained by fraud. But the only fraud averred, or sought to be proved, is that while she and

her husband intended only to make a written contract to convey, the defendant put the contract in the form of a deed, and, knowing that the grantors therein did not then intend to execute a deed, fraudulently secured the instrument to be executed, representing it to be only a contract to make a future conveyance. There is no pretense that the instrument does not set out according to the understanding of all parties the land to be conveyed, the price at which it was to be sold, and the time at which the purchase-money was to be paid. The sole complaint is, that by the fraud of the defendant, a contract to make a conveyance in the future, was made to take the form of a present conveyance. It would be a sufficient reply to this to say that, if a court of equity should afford to complainant all the relief it can give in conformity with its inherent principles, she would be left precisely in the attitude in which she now stands. Certainly she must do equity as a condition of receiving relief, and, according to her own showing, she can only vacate the deed she assails upon condition of executing another of precisely the same tenor. It is incontrovertibly shown that, within the time named in the writing given by him, Atkinson tendered the purchase price, and has continuously kept his tender good and has paid the money into court with his answer, where it now is, subject to complainant's acceptance. Under these circumstances there would be no shadow of right to relief on the ground now under consideration. But, in addition to this, it is shown that soon after the execution of the deed Atkinson went upon the premises for the purpose of making a survey of the land bought, and complainant then pointed out the lines, and after the survey permitted him to enter upon the land, which he has since improved, according to his testimony, by putting up a house at a cost of $12,000. We approve the action of the court below in refusing relief upon the allegations of fraud in procuring the conveyance.

The alternative prayer for relief was that the court should direct and compel the defendant to pay to complainant the sum of $1500, and that the whole land composing the Sinnott place, including both that part sold to Atkinson at $1000 and the homestead reservation, valued at $500, should be decreed subject to sale for the

whole sum. From a final decree in accordance with this prayer, the defendant, Atkinson, appeals.

The question is whether there was a sale of the whole premises at the sum of $1500, as the chancellor has found, or a sale only of the land, exclusive of the residence lot, at the sum of $1000, with the privilege or option secured to Atkinson to become the owner of the residence lot upon payment of the further sum of $500.

This question is determinable from the contract of the parties as found in the writings signed by them. While the conveyance uses words in reference to the residence lot of well settled technical significance, and which imply a present grant, the context shows that a different construction should be put upon them to meet the meaning in which they were employed. In the prior portion of the conveyance the residence lot was expressly reserved, while a fixed price, to be paid at a fixed time, and evidenced by a written obligation of the grantee, was stipulated to be paid for the other land. The concluding clause of the deed, while using words of present conveyance of the home lot, indicates that the conveyance thereof was to be effectual only " upon" the payment of the price named, $500; and neither by the deed nor by any writing signed by Atkinson, is there imposed on him the correlative obligation of paying the price or accepting the deed as conveying this land. In fact, he did not enter upon the possession of this part of the property, nor is it claimed, either in the pleading or evidence, that he agreed to be the purchaser thereof. It is a well settled rule of construction that where the whole of a written instrument shows that the parties thereto employed technical language in a sense different from its ordinary meaning, the primary meaning of the words is what the parties meant, and not what the technical words usually import. Elphistone on Interpretation of Deeds, rule 16, page 76. " It is a rule of construction that the sense and meaning of the parties in any particular part of an instrument may be collected *ex antecedentibus et consequentibus;* every part of it may be brought into action in order to collect from the whole one uniform and consistent sense, if that may be done." Lord Ellenborough, in *Barton* v. *Fitzgerald*, 15 East, 540.

Looking to the whole deed, it is evident that the reserved lot was intended to be dealt with in some manner other and different from that in which the other land was dealt with. Manifestly, it was not intended to sell the whole at a lump sum, for such construction would render inoperative that clause of the conveyance by which the reservation was made of the residence lot, and would have entitled the grantee to the immediate possession of the whole, and this in direct conflict with the contract of the parties, that the residence lot should only pass "upon" the payment of the price for which it was agreed to be sold.

Looking only at the clause having reference to the residence part of the lot, we find the present effect of the granting words limited and restrained by the words which succeed it, by which it appears that the conveyance was to be operative as to this lot only *upon* the payment of the purchase price. The taking effect of the grant evidently depended on something to be thereafter done, and which must be done as a *condition precedent to* the operation of the grant. But there is nothing in the deed or in the conduct of the parties from which arises an obligation on the part of Atkinson to perform the condition. If he had been admitted to the possession of the property, and had accepted the possession, claiming under the deed, a different question might be presented. It may be that even then he would have been compelled either to pay the money or surrender the possession. But, confessedly, there has been neither a recognition of his right to possession by complainant, nor a claim by him of such right. It was never the intention of the grantors to make an immediate sale of the residence lot, nor of Atkinson to make an immediate purchase.

Looking to the deed alone, we find nothing which binds him to buy. If we look to the circumstances of the parties to discover therefrom what meaning they intended to convey by the use of the words, " upon the payment of the sum of five hundred dollars," it is clear beyond all doubt that no present sale was intended. The complainant testified that she was unwilling to make a present sale of the residence, which she desired to retain as a place of recreation for an invalid husband during his life, and that the pur-

pose of the clause of the deed referring to the sale of this lot was to give Atkinson the right to buy it at the price named, after the death of herself and husband. We are not to be understood as deciding that it is permissible to seek to find the unexpressed intention of the parties to the deed. What they intended must be found from the language of the deed; but it is competent to look to the surroundings of the parties, not to contradict, but to interpret the meaning of the words they have employed.

We find nothing in the deed from which a present conveyance of the residence lot, or an obligation on the part of Atkinson to buy it, can be inferred; and, since he tendered with his answer the money due for the land he did buy, the money should have been directed to be paid to complainant, and she should have been denied interest on said sum and costs of court.

*The decree is reversed on the appeal of the defendant, Atkinson, and cause remanded.*